UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUZHOU GLEAO CO.,LTD. and SUZHOU JINYUE ENTERPRISE MANAGEMENT CO., LTD.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>-against-<br><br><br>ME-JANE LTD., LOUISE PARIS, LTD., and ALBERT BARNATHAN,<br><br>　　　　　　　　　　Defendants. | Case No. 1:25-cv-9723<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs, Suzhou Gleao Co., Ltd. ("**Gleao**") and Suzhou Jinyue Enterprise Management Co., Ltd. ("**Jinyue**"; together with Gleao as "**Plaintiffs**"), by and through their attorneys, Jia Law Group, P.C., alleges for its complaint against defendants ME-JANE LTD. ("**Me-Jane**"), LOUISE PARIS, LTD. ("**Louise**"; together with Me-Jane as "**Corporate Defendants**") and Albert Barnathan ("**Individual Defendant**"; together with "**Corporate Defendants**" as "**Defendants**"), as follows:

**NATURE OF THE ACTION**

1.　　Plaintiffs, China-based distributors of clothing, bring this action against Defendants, New York based import and retail business, to recover the unpaid balance of goods sold and other damages in the total amount of $799,704.56, based on claims of UCC § 2-709 action for price, breach of contract, accounts stated, conversion, and unjust enrichment, and against the

1

CEO of Me-Jane, Albert Barnathan, to recover the unpaid balance that he personally guaranteed in the total amount of $715,491.02, based on claims of breach of contract, account stated, and unjust enrichment.

## JURISDICTION AND VENUE

2. This Court has diversity jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §1332, as there is complete diversity of citizenship between the Parties and the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

3. Plaintiffs are incorporated under the laws of the People's Republic of China and have their principal place of business in the People's Republic of China.

4. Defendants are incorporated under the laws of the State of New York and have their principal place of business in the State of New York.

5. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391, as the Defendants' principal place of business is located in the State of New York within the Southern District.

## THE PARTIES

6. Plaintiff Gleao is a corporation formed under the laws of the People's Republic of China with its principal place of business located at Suite 2003, Building 1, Dongfang Xintiandi Plaza, Yangshe Town, Zhangjiagang City, Jiangsu Province, China.

7. Plaintiff Jinyue is a corporation formed under the laws of the People's Republic of China with its principal place of business located at Suite 2003, Building 1, Dongfang Xintiandi Plaza, Yangshe Town, Zhangjiagang City, Jiangsu Province, China.

8. Plaintiffs Gleao and Jinyue are owned and operated by Mr. Gong, who is the CEO of both companies.

9. Corporate Defendants Me-Jane and Louise are a family business owned and operated by a father and son duo Albert and Solamon Barnathan. Me-Jane and Louise operate as a single entity when conducting business with Plaintiffs.

10. Defendant Me-Jane is a business corporation organized under the laws of the State of New York, with its principal place of business located at 1407 Broadway, Suite 1407, New York, NY 10018.

11. Defendant Louise is also a business corporation organized under the laws of the State of New York and shares the same principal place of business as Me-Jane, at 1407 Broadway, Suite 1405, New York, NY, United States, 10018.

12. Defendant Albert Barnathan is the CEO of Me-Jane, and Salomon Barnathan is the CEO of Louise.

13. Upon information and belief, Defendant Albert Barnathan resides at 2174 E 4th St, Brooklyn, NY 11223.

**FACTUAL ALLEGATIONS**

    a.    **Goods Sold and Delivered between 2023 and 2024**

14. Plaintiffs are China-based clothing distributors that source clothing, such as coated-jackets (the "**Goods**"), from manufacturers in China and sell them to wholesalers and retailers in the United States.

15. Defendants placed orders with Plaintiffs to purchase, ship, and deliver a variety of Goods to Defendants. In exchange, Defendants agreed to pay Plaintiffs for said Goods at a certain agreed upon price.

16. Defendants purchased Goods from Plaintiffs through the issuance of certain purchase orders that Defendants delivered by email to Plaintiffs.

17. Between 2023 to 2024, Defendants placed at least seven (7) purchase orders ("**POs**") with Plaintiffs for Goods valued at $2,953,114.55. The POs are arranged in chronological order from left to right as follows:

| | | | |
|---|---|---|---|
| 30370-42 | 40113-F21 | 50000-F2 | 50001-F21 |
| 50002-F21 | 50008-F21 | 80002-62 R2 | |

18. Pursuant to the POs, Plaintiffs sourced, arranged and paid for all of the Goods.

19. Plaintiffs then shipped all the Goods purchased under the POs to Defendants and Defendants' customers pursuant to Defendants' instructions.

20. Defendants accepted and retained the shipped Goods without any timely objection thereto.

21. The following bills of lading evidence shipment of Goods sold and delivered to Defendants but for which Defendants have failed or refused to remit payment in full (the "**Bills of Lading**"). They are identified by the numbers below, which are arranged in chronological order from left to right:

| | | | |
|---|---|---|---|
| CSH23081738 | SHLGB23B0814 | CHKMSH24105192 | CHKMSH24111928 |
| CHKMSH24118642 | SHLKSE242807 | SHLKSE242830 | SHLKSE242831 |
| SHLKSE242910 | SHLKSE242928 | SHLKSE242929 | SHLKSE242976 |
| SHLKSE243014 | SHLKSE243016 | SHLKSE243029 | |

22. Between September 2023 to September 2024, Plaintiffs issued the invoices identified below (the "**Invoices**") to Defendants for Goods sold and delivered in the aggregate amount of $2,678,445.59. Defendants accepted these commercial invoices without timely objection thereto. Defendants have agreed to pay an additional $200,000 pursuant to the parties' arrangement, which brings the total amount due for the Goods sold and delivered to $2,878,445.59.

4

23. The Invoices are identified by the numbers below and are arranged in chronological order from left to right as follows:

| | | | |
|---|---|---|---|
| G231124 | G230819 | G240601 | G240602 |
| G240604 | G240605 | G240901 | G240902 |
| G240903 | G240904 | G240905 | G240906 |
| G240907 | G240908 | CB20230404 | CB20230608 |
| CB20230721 | CB20230812 | G240909 | G240910 |

24. Pursuant to the POs, Defendants were required to pay the full price upon Plaintiffs providing the corresponding shipping document, such as bills of lading, invoices, and packing lists.

25. Plaintiffs have provided all Bills of Lading, Invoices, and packing lists and delivered the corresponding Goods pursuant to Defendants' instructions.

26. For the $2,878,445.59 due and owing, Defendants have paid $2,078,621.03 to date.

27. As evidenced by the above POs, Bills of Lading, and Invoices, Defendants duly owe Plaintiffs an amount no less than $799,704.56 as the outstanding balance of the price of the Goods sold and delivered as of the date of this Complaint.

28. In emails dated July 24, July 25, July 30, August 2, and August 5, 2024, Plaintiffs urged the Defendants to make payments on the outstanding balance.

29. In Defendants' reply dated July 25 and August 2, 2024, Defendants acknowledged the outstanding balance.

30. Further, in Defendant Me-Jane's email dated August 12, 2024, Defendant promised to make payment by stating that "[w]e have to pay it."

31. Defendants never raised any objection or denial of the amounts stated by Plaintiffs as due and outstanding in any of the communications and correspondences between parties.

32. As of the filing of this Complaint, Defendants owe Plaintiffs a sum of $799,704.56.

**b.    Albert Barnathan Agreed to Personally Guarantee Payment for Certain Goods to Induce Plaintiffs to Continue Doing Business.**

33. On November 12, 2024, as a result of the Parties' negotiation and in order to induce Plaintiffs to release certain goods under the Bills of Lading No. SHLKSE2422976, SHLKSE243014, SHLKSE243016, and SHLKSE243029, Albert Barnathan agreed to personally guarantee the outstanding sum Me-Jean owes Plaintiffs by signing four documents, each labeled "Payment Guarantee" (together as "**Personal Guaranties**"). These Personal Guaranties were emailed to Plaintiffs by Albert Bamathan on November 12, 2024.

34. In each of the Personal Guaranty, Albert Barnathan personally guaranteed that "PAYMENT WILL BE WIRED BEFORE NOV. 16. 2024" and "MR. ALBERT BARNATHAN PERSONAL GUARANTEE THIS PAYMENT IF ME JANE LTD DID NOT PAY," and "IF PAYMENT IS NOT MADE ON TIME. CORRESPONDING LIABILITY FOR THE BREACH OF CONTRACT WILL BE BORENE BY MR. ALBERT BARNATHAN …"

35. In each of the four personal guaranty, Albert Barnathan personally guaranteed the payment under Invoice No. G240906, with the due amount of $4,107,92, under Invoice No. G240907, with the due amount of $142,050.60, under Invoice No. G240908, with the due amount of $345,579.90, under Invoice No. G240909, with the due amount of $337,579.20, and under Invoice No. G240910, with the due amount of $223,752.60.

36. In total, Albert Barnthan guaranteed the amount of $1,053,070.22. Defendants have paid $337,579.20 towards the debts personally guaranteed by Albert Barnthan. Accordingly, as of November 16, 2024, Defendants still owe Plaintiffs $715,491.02 under Albert Barnthan's personal guaranties.

37. Despite their promise and four executed payment guaranties, Defendants failed to make the required payment by November 16, 2024. After demand and repeated requests, Albert Barnathan has also failed to honor his obligations under the Personal Guarantees and has failed and refused to remit payment to Plaintiffs.

38. In the email dated November 23, Defendants again acknowledged the outstanding balance by stating that "I'm very sorry the payment delay," and promised that "[o]nce we start to pay down our credit line we can make Payments toward your balance 3 invoice," and "[we] will try and make first payment next week."

## FIRST CAUSE OF ACTION
## UCC § 2-709 ACTION FOR PRICE AGAINST CORPORATE DEFENDANTS

39. Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

40. Plaintiffs and Defendants established a valid arrangement and agreement whereby Plaintiffs agreed to provide Goods to Defendants in return for payment from Defendants.

41. Pursuant to the POs, Plaintiffs caused all the Goods to be purchased.

42. Pursuant to Defendants' instructions, Plaintiffs caused Goods to be shipped and delivered to Defendants and Defendants' customers and issued corresponding Invoices to Defendants.

43. Defendants accepted and retained the Goods delivered and Invoices without timely objection thereto.

44. Despite accepting the Goods and receiving the Invoices, Defendants have failed to remit to Plaintiffs the total payment due for the Goods delivered.

45. Specifically, Defendants failed to pay the amount of $799,704.56 owed to Plaintiffs for the Goods sold and delivered.

46. As a result of Defendants' failure to pay for the Goods that Defendants requested, received, and accepted, Plaintiffs have been damaged and may recover the principal amount of $799,704.56, plus prejudgment interest.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT AGAINST CORPORATE DEFENDANTS

47. Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

48. Plaintiffs and Defendants established a valid arrangement and agreement whereby Plaintiffs agreed to provide Goods to Defendants in return for payment from Defendants.

49. Pursuant to the POs, Plaintiffs caused the Goods to be purchased.

50. Plaintiffs shipped and delivered Goods sold and delivered to Defendants and Defendants' customers pursuant to Defendants' instructions.

51. Defendants have accepted and retained the Goods sold and delivered and Invoices without timely objection thereto.

52. Plaintiffs have provided invoices for Goods sold and delivered to Defendant and provided all Bills of Lading and packing lists.

53. Pursuant to the POs, Defendants were required to pay the full price upon Plaintiffs providing the corresponding shipping document.

54. Payment from Defendants is long overdue on all the Invoices complained of herein, and Defendants have failed to make full payment of the Invoices to Plaintiffs.

55. Defendants breached contractual agreements memorialized in the POs.

56. Plaintiffs have sustained damages as a result of Defendants' breach.

57. As a result of the breach, Defendants are liable to Plaintiffs for the amount of $799,704.56, plus prejudgment interest.

### THIRD CAUSE OF ACTION
### ACCOUNT STATED AGAINST CORPORATE DEFENDANTS

58. Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

59. Plaintiffs caused the Goods to be purchased, shipped, and delivered to Defendants and Defendants' customers and issued the corresponding Invoices to Defendants.

60. Defendants accepted and retained the Goods delivered and Invoices without timely objection thereto.

61. The POs, Invoices, and emails set forth a true and accurate account between Plaintiffs and Defendants.

62. As such, Defendants are liable to Plaintiffs under the doctrine of accounts stated for the principal amount of $799,704.56, plus prejudgment interest and incidental damages.

### FOURTH CAUSE OF ACTION
### CONVERSION AGAINST CORPORATE DEFENDANTS
### (In the Alternative)

63. Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

64. Plaintiffs: (1) as the purchaser of the products to be transferred to Defendants, had a right to possess the property if payment was not made; (2) Defendants intentionally interfered with the possessory rights of Plaintiffs by unlawfully retaining the property absent the required payment to Plaintiffs; and (3) such retention caused damages in the principal sum of $799,704.56 plus interest.

65. Plaintiffs provided Defendants with products with the expectation that payment would be provided pursuant to the relevant purchase orders.

66. Plaintiffs could not control the products retained by Defendants and Defendants continued to operate their business, without returning Plaintiffs' property or financially compensating Plaintiffs.

67. In failing to remit payment pursuant to the overdue Invoices and for the Goods delivered to them pursuant to the POs, Defendants have unlawfully exercised dominion and control over Plaintiffs' property.

68. Defendants have committed the civil tort of conversion by intentionally interfering with the property rights of Plaintiffs.

69. As a result of Defendants' unlawful conversion of Plaintiffs' lawfully owned property, Defendants are liable to Plaintiffs in the amount of $799,704.56 plus interest.

## FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT AGAINST CORPORATE DEFENDANTS
### (In the Alternative)

70. Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

71. Defendants have: (1) enriched itself; (2) at the expense of Plaintiffs; and (3) it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

72. Defendants were enriched through the conversion of property rightfully owned by Plaintiffs.

73. This enrichment was at the expense of Plaintiffs, who was deprived of monies owed and required to file the herein suit for recovery.

74. Because Defendants acted tortiously while profiting at the expense of Plaintiffs, it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

75. Defendants have been unjustly enriched at Plaintiffs' expense in the principal amount of $799,704.56 plus interest.

## SIXTH CAUSE OF ACTION
## BREACH AND ENFORCEMENT OF GUARANTIES
## AGAINST INDIVIDUAL DEFENDANT ALBERT BARNATHAN

76. Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

77. Individual Defendant Albert Barnathan executed unconditional Personal Guaranties to Plaintiffs of payment of the balance owed by Corporate Defendants.

78. As of November 16, 2024, Corporate Defendants still owe Plaintiffs $715,491.02 under Albert Barnthan's personal guaranties.

79. Despite being demanded by Plaintiffs, Albert Barnathan has failed to make payments required under the Personal Guaranties, leaving the sum of $715,491.02 due and owing to Plaintiffs.

80. Albert Barnathan's failure to make payment to Plaintiffs constitutes a material breach of the Personal Guaranties.

81. Therefore, Albert Barnathan is indebted to Plaintiffs in the sum of $715,491.02 together with interest thereon and attorneys' fees and the costs and disbursements of this action.

## SEVENTH CAUSE OF ACTION
## ACCOUNT STATED AGAINST INDIVIDUAL DEFENDANT ALBERT BARNATHAN

82. Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

83. Individual Defendant Albert Barnathan executed unconditional Personal Guaranties to Plaintiffs of payment of the balance owed by Corporate Defendants.

11

84. As of November 16, 2024, Corporate Defendants still owe Plaintiffs $715,491.02 under Albert Barnthan's personal guaranties.

85. Despite being demanded by Plaintiffs, Albert Barnathan has failed to make payments required under the Personal Guaranties, leaving the sum of $715,491.02 due and owing to Plaintiffs.

86. The indebtedness between Plaintiffs and Albert Barnathan set forth a true and accurate account between the parties.

87. As such, Albert Barnathan is liable to Plaintiffs under the doctrine of accounts stated for the principal amount of $715,491.02, plus prejudgment interest and incidental damages.

### EIGHTH CAUSE OF ACTION
### UNJUST ENRICHMENT AGAINST INDIVIDUAL DEFENDANT ALBERT BARNATHAN
### (In the Alternative)

88. Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

89. Individual Defendant Albert Barnathan executed unconditional Personal Guaranties to Plaintiffs of payment of the balance owed by Corporate Defendants.

90. As of November 16, 2024, Corporate Defendants still owe Plaintiffs $715,491.02 under Albert Barnthan's personal guaranties.

91. Despite being demanded by Plaintiffs, Albert Barnathan has failed to make payments required under the Personal Guaranties, leaving the sum of $715,491.02 due and owing to Plaintiffs.

92. Albert Barnathan has: (1) enriched himself; (2) at the expense of Plaintiffs; and (3) it is against equity and good conscience to permit him to retain what is sought to be recovered.

93. Albert Barnathan was enriched by failing to pay the amount he personally guaranteed.

94. This enrichment was at the expense of Plaintiffs, who was deprived of monies owed and required to file the herein suit for recovery.

95. Because Albert Barnathan acted tortiously while profiting at the expense of Plaintiffs, it is against equity and good conscience to permit him to retain what is sought to be recovered.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court grant the following relief:

96. Against Corporate Defendants on the First Cause of Action for damages in the amount of at least $799,704.56, plus prejudgment interest, costs, attorneys' fees, and any additional or further relief as the Court deems just and proper.

97. Against Corporate Defendants on the Second Cause of Action for damages in the amount of at least $799,704.56, plus prejudgment interest, costs, attorneys' fees, and any additional or further relief as the Court deems just and proper.

98. Against Corporate Defendants on the Third Cause of Action for damages in the amount of at least $799,704.56, plus prejudgment interest, costs, attorneys' fees, and any additional or further relief as the Court deems just and proper.

99. Against Corporate Defendants on the Fourth Cause of Action for damages in the amount of at least $799,704.56, plus prejudgment interest, costs, attorneys' fees, and any additional or further relief as the Court deems just and proper.

100. Against Corporate Defendants on the Fifth Cause of Action for damages in the amount of at least $799,704.56, plus prejudgment interest, costs, attorneys' fees, and any additional or further relief as the Court deems just and proper.

101.   Against Individual Defendants on the Sixth Cause of Action for damages in the amount of at least $715,491.02, plus prejudgment interest, costs, attorneys' fees, and any additional or further relief as the Court deems just and proper.

102.   Against Individual Defendants on the Seventh Cause of Action for damages in the amount of at least $715,491.02, plus prejudgment interest, costs, attorneys' fees, and any additional or further relief as the Court deems just and proper.

103.   Against Individual Defendants on the Eighth Cause of Action for damages in the amount of at least $715,491.02, plus prejudgment interest, costs, attorneys' fees, and any additional or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury pursuant to FRCP 38.

Dated: November 21, 2025  
       New York, New York

JIA LAW GROUP, P.C.  
*Attorney for Plaintiffs*

By: */s/Thomas Hsien Chih Kung*  
Thomas Hsien Chih Kung, Esq.  
88 Pine Street, 18th Floor  
New York, NY 10005  
(347) 897-6199  
thomas.kung@jiaesq.com